IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYRONE M. GRAVES,<br><br>    Defendant. | 8:09CR338<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on the request of the defendant seeking compassionate release. Filing No. 52. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). It appears that defendant is still incarcerated in the Nebraska State prison system, and he has a federal detainer pending. Accordingly, the Court has no jurisdiction at this time to determine if the First Step Act applies to his incarceration.

  In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) the law to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Under the law, it matters not that the COVID-19 pandemic creates a great health risk to many prisoners. Administrative exhaustion under the Act is a jurisdictional prerequisite

1

to this Court making a decision as to compassionate relief.[1]  Because the defendant is not incarcerated in the Bureau of Prisons, though, he cannot exhaust his administrative remedies and then receive compassionate relief from this Court.

However, the defendant states that he has already done 10 years in state prison and would be eligible for parole in December of 2020.  The Court is willing to consider the defendant's request to make the federal sentence run concurrent with the state sentence, if it has jurisdiction to do so.  The Court originally entered Judgment for twelve (12) months and one (1) day to be served consecutive to the sentence previously imposed by the State of Nebraska.  Filing No. 50. Accordingly, the Court will appoint the Federal Public Defender's Office, Mr. David Stickman, to review this case and determine if the defendant is entitled to any relief.   Mr. Stickman will so advise this Court within 30 days of the date of this Memorandum and Order.  The Court will stay this case for 60 days or until a determination is made.

---

[1] *See* e.g., *United States v. Heath,* CR-13-102-SLP, 2020 WL 1957916, at *1 (W.D. Okla. Apr. 23, 2020) (the Court stated it had no authority to waive the exhaustion requirement as it is a statutory requirement); *See Malouf v. SEC*, 933 F.3d 1248, 1256 (10th Cir. 2019) ("[C]ourts lack discretion to excuse the failure to exhaust administrative remedies" where exhaustion is a "statutory requirement."); *United States v. Bell*, No. 16-20008-02-DDC, 2020 WL 1923086 at *2 (D. Kan. Apr. 21, 2020) (court lacked jurisdiction over defendant's motion for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic due to failure to exhaust administrative remedies; *United States v. Gonzalez*, No. 18-cr-00130-PAB, 2020 WL 1905071 at *2-3 (D. Colo. Apr. 17, 2020) (the judiciary lacks "power to craft an exception" to § 3582(c)(1)(A)'s exhaustion requirement and because defendant's motion failed to indicate warden had responded to administrative request or that 30 days had lapsed from the warden's receipt of such request, motion had to be dismissed for lack of jurisdiction); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773 at *1 (D. Colo. Apr. 3, 2020) (finding court lacked jurisdiction over the defendant's request for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic where he did not satisfy exhaustion requirement);"While courts do have some flexibility to disregard exhaustion requirements when they are judicially imposed," "statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced." *United States v. Roberts*, 2020 WL 1700032 *1-2 (S.D.N.Y. April 8, 2020); *United States v. Cox,* 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); the Third Circuit Court of Appeals has held that § 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *U.S.A. v. Gillis,* 14-CR-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020).

**THEREFORE, IT IS ORDERED THAT:**

1. Defendant's motion for compassionate release, Filing No. 52, is stayed;

2. The Public Defender's office, Dave Stickman, is appointed to represent the defendant as instructed in this Memorandum and Order.

Dated this 30th day of April, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge